People of State of Illinois ex rel. Trinidad Barcelon Afable, Appellant, v. Frank G. Thompson, Director of Department of Registration and Education, Springfield, Illinois and Philip M. Harman, Superintendent of Registration and Education, Springfield, Illinois, Appellees.

Gen. No. 44,335.

Opinion filed November 3, 1948. Released for publication December 2, 1948.

Jay J. McCarthy, of Chicago, for appellant.

George F. Barrett, Attorney General, for appellees; Albert E. Hallett, Assistant Attorney General, of counsel.

Mr. Justice Lewe delivered the opinion of the court.

Petitioner instituted mandamus proceedings to compel respondents to issue a license to her to practice as a physician and surgeon in the State of Illinois. Defendants' motion to strike was allowed. The writ was denied and the cause was dismissed.

The petition alleges in substance that on August 7, 1941, petitioner, "a Filipina lady," arrived in the United States at San Francisco, California, from the Philippines where she operated a maternity hospital; that in November 1946, petitioner had, after complying with certain statutes of Illinois in her post-medical work with various schools, institutions and hospitals, made application to the Department of Registration and Education at Springfield, Illinois to take an examination for the purpose of obtaining a license to practice as a physician and surgeon in the State of Illinois; that her preliminary studies and qualifications were submitted to and accepted by the Department of Registration and Education at Springfield, Illinois, qualifying her to take a medical examination in compliance with the Medical Practice Act; that on November 23, 1946, she was notified by the Department of Registration and Education that she was successful in the examination before the department for a license to practice medicine in Illinois; and that she was informed a certificate to practice medicine would be issued to her upon payment of a fee of five dollars.

The petition further alleges that she tendered the required fee to the Department of Registration and Education but that the respondents refused to issue the certificate on the ground that petitioner failed to

comply with subsection (d) of section 4 of the Medical Practice Act, Chapter 91 Ill. Rev. Stats. (State Bar Ass'n Ed.) [Jones Ill. Stats. Ann. 79.04, subd. (d)] by submitting evidence under oath satisfactory to the department that ''(d) He (she) is a citizen of the United States or has made a declaration of intention to become a citizen or, having made such a declaration, has filed a petition for naturalization within thirty days after becoming eligible to do so''; that the petitioner has complied with the foregoing section ''by virtue of having filed with the United States Department of Justice, Immigration and Naturalization Service, an application for a certificate of arrival and a preliminary form for a declaration of intention.'' Attached to the petition is a letter (Exhibit 6) addressed to the petitioner by John Bankhead, American Consul at Windsor, Ontario, dated June 26, 1947, the pertinent parts of which read as follows: ''The Philippine Island quota is oversubscribed for approximately the next five years and, consequently, an appointment cannot be reserved for your personal appearance to execute formal application for the desired immigration visa until your name has been reached on the quota waiting list. Your name was properly registered on the quota waiting list, and when your turn is reached, and a quota number allocated for your use, you may rest assured that you will be promptly notified.''

The sole question presented is whether the petitioner has submitted to the Department of Registration and Education evidence that she has made a declaration of intention to become a citizen, as required by section 4 (2) (d) of the Illinois Medical Practice Act.

Defendants maintain that petitioner entered and still remains in the United States only on a temporary basis as a nonimmigrant alien visitor under federal statutes and regulations which require her constantly to maintain that temporary status, and provide for deportation should it develop that she intends to remain here

permanently, and that (1) she has not "made a legal entry into the United States for permanent residence"; (2) has failed to secure the issuance of a certificate showing the "date, place and manner of arrival in the United States"; and (3) failed to obtain from the Commissioner of Immigration and Naturalization the printed "form for a declaration of intention."

Prior to July 4, 1946, Filipinos were not eligible to become naturalized citizens of the United States unless they had served three years honorably in the United States Army, Navy, Marine Corps, or Coast Guard. (8 USCA, sec. 703, 724.) By virtue of the President's proclamation number 2696 of July 8, 1946 (p. 44, 1947 pocket part, vol. 8 USCA, sec. 211) the annual quota for the Philippine Islands effective July 4, 1946 and for each fiscal year thereafter was fixed at one hundred. When petitioner arrived in the United States she could not have obtained an immigration visa of lawful entry for permanent residence in the United States, since Filipinos as a race were ineligible at that time.

Subsection (b) of section 729, vol. 8 USCA provides that "no declaration of intention shall be made by any person who arrived in the United States after June 29, 1906 until such persons's lawful entry for permanent residence shall have been established, and a certificate showing the date, place, and manner of arrival in the United States shall have been issued. . . ." Section 731, vol. 8 USCA, pages 714, 715, provides that an applicant for naturalization shall make under oath before, and only in the office of, the clerk of court or such clerk's duly authorized deputy, regardless of the place of residence in the United States, a signed Declaration of Intention to become a citizen of the United States, which declaration shall set forth in writing in triplicate and shall contain substantially the following averments by such applicant: "(7) I . . . entered the United States at . . . (city or town, (State), on

. . . (month, day, and year), for permanent residence in the United States; . . . (11) that My lawful entry for permanent residence in the United States was at . . . (city or town), . . . (State) under the name of . . . on . . . (month, day, and year), on the . . . (name of vessel or other means of conveyance)."

Petitioner says she filed with the Department of Justice, Immigration and Naturalization Service, an application for a certificate of arrival and a preliminary form for declaration of her intention. She does not allege that her application was granted or that she ever made a Declaration of Intention, nor does she allege the character of her entry. Moreover, according to her petition when she applied to the United States Consul at Windsor, Canada, in June 1947 for an immigration visa she was informed by him that the "Philippine Island quota" was oversubscribed for the next five years.

From the allegations of the petition we are impelled to conclude that the status of the petitioner at the time she entered the United States, and now is, that of a nonimmigrant alien visitor; that she has not made a lawful entry for permanent residence; and that she was not able at the time the present proceedings were initiated or at the time of the hearing, to submit evidence under oath that she had "made a Declaration of Intention to become a citizen" in compliance with subsection (d) (2) of section 4 of the Medical Practice Act of Illinois.

In the view which we take of the case it is unnecessary to consider the other points raised.

For the reasons given, the order sustaining defendants' motion to strike the petition, denying the writ, and dismissing the cause, is affirmed.

*Affirmed.*

BURKE, P. J., and KILEY, J., concur.